UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN DOWNEY,

                              Plaintiff,

                                                                                   DECISION AND ORDER

                                                                                   15-CV-6129L

                        v.

SUPERINTENDENT MICHAEL SHEAHAN,
ADMINISTRATOR THOMAS POOLE,
INMATE RECORDS CORD. NICHOLE CRANE,
SENIOR COUNSELOR L. FRIOT,

                              Defendants.
_____

Plaintiff, Kevin Downey, commenced this action under 42 U.S.C. § 1983. Plaintiff, who is represented by counsel, has sued four individuals, all of whom of alleged to be employed at New York's Five Points Correctional Facility ("Five Points"), violated his constitutional rights by causing him to serve a sentence of incarceration for five days longer than he should have. Defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**BACKGROUND**

The amended complaint alleges that in 2014, while plaintiff was serving a sentence of parole, he violated the terms of his parole. As a result, plaintiff's parole was revoked, and he was incarcerated, with a maximum expiration date, *i.e.*, a release date, of September 12, 2014. Dkt. #4 ¶¶ 11-15.

For reasons that are not apparent, on August 27, 2014, plaintiff received a time computation sheet indicating that his maximum expiration date had been "pushed" to November 22, 2014. Dkt. #4 ¶ 20. Plaintiff, who at that time was being held at Elmira Correctional Facility, allegedly mentioned this to a counselor at Elmira (who is not a defendant here), but the counselor allegedly told him that she was "too busy" to deal with it. Dkt. #4 ¶ 21.

In early September, plaintiff was transferred to Five Points. On Monday, September 15, plaintiff informed defendant L. Friot, a counselor at Five Points, that he should have been released the previous Friday. At first, Friot allegedly told plaintiff that he was "not going home," but two days later, Friot informed plaintiff that there had been a "mistake," and plaintiff was released that afternoon. Dkt. #4 ¶¶ 23, 29-33.

Plaintiff has sued Friot, as well as: Inmate Records Coordinator Nichole Crane, Five Points Administrator Thomas Poole, and Superintendent Michael Sheahan. He alleges violations of his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

## DISCUSSION

I find no basis here for a claim under the Eighth Amendment. While there may be situations in which detention beyond that authorized by law could violate the Eighth Amendment, *see Calhoun v. New York State Div. of Parole Officers*, 999 F.2d 647, 654 (2d Cir. 1993), the Second Circuit has held that relatively brief delays in releasing a prisoner, even if legally unjustified, do not rise to that level. *See id.* (five-day extension of plaintiff's release date did not inflict 'a harm of magnitude' that violated his Eighth Amendment rights); *see also Brunson v. Duffy*, 14 F.Supp.3d 287, 294 (S.D.N.Y. 2014) (allegation that plaintiff was released 21 days after filing habeas corpus petition did not give rise to Eighth Amendment claim).

Plaintiff here attempts to distinguish *Calhoun* on the ground that the plaintiff in *Calhoun* was serving a six-year sentence, whereas in the case at bar the plaintiff's maximum term was "only" three

years, nine months and fifteen days. Apparently the implication is that the delay in plaintiff's release was longer, relative to his total sentence, than the delay in *Calhoun*.

I am not persuaded by that argument. There is no basis in logic or in the case law for drawing the distinction advanced by plaintiff. Moreover, as the cases cited by *Brunson* demonstrate, any Eighth Amendment claim based on a delayed release date would have to involve far longer delays than the one at issue here. *See*, *e.g.*, *Gilblom v. Gillipsie*, No. 08-CV-1672, 2010 WL 1813494, at *9 (W.D.Pa. Apr. 6, 2010) (noting that "[c]ases in which an Eighth Amendment claim has been recognized in the context of an overstay [in prison] involve significant periods of time," and citing cases involving 145 days to two years of prolonged confinement), *adopted by* 2010 WL 1813483 (W.D.Pa. May 5, 2010), *aff'd*, 435 Fed.Appx. 165 (3d Cir. 2011).

As to plaintiff's due process claim, it is true that " an inmate has a liberty interest in being released upon the expiration of his maximum term of imprisonment." *Calhoun*, 999 F.2d at 653. Indeed, in *Calhoun* the Court of Appeals held that the defendants' deliberate detention of the plaintiff beyond his original maximum expiration date based upon an alleged parole violation violated the plaintiff's right to due process, where the state failed to grant the plaintiff a final hearing, or to offer any evidence that it would have been impracticable to hold a final hearing between the date of his detention and his original maximum expiration date. *Id.* (The court went on, however, to hold that the defendant parole officers were entitled to qualified immunity, since the law had not been clearly established that imposing a short period of "delinquency time" based on a finding of probable cause for a parole violation, without providing a final parole-revocation hearing, would violate due process.)

This claim must nevertheless be dismissed. As to defendants Crane, Poole and Sheahan, plaintiff does not allege any facts showing that they were aware of the underlying facts or that they had anything to do with these events. He simply alleges, in purely conclusory fashion, that each of them was "personally responsible" for matters relating to record keeping and inmates' release dates. Dkt. #5 ¶¶ 34-36. Such sweeping allegations are insufficient to satisfy the personal-involvement

- 3 -

requirement of § 1983. *See Aguirre v. Kendra*, __ F.Supp.3d __, 2015 WL 5011976, at *3 (W.D.N.Y. 2015).

Regarding defendant Friot, there is no indication that Friot was in any way responsible for, or even involved in, plaintiff's allegedly unauthorized detention. Plaintiff alleges, in fact, that he first learned of the extension of his incarceration when he received a time computation sheet on August 27, 2014, at which time he was being held at Elmira Correctional Facility. *Id.* ¶ 20. Plaintiff was not transferred to Five Points (where Friot worked) until early September 2014. *Id.* ¶ 23. There is no basis, then, for a claim against Friot. If anything, it appears from the complaint that it was Friot who took steps to correct the error and secure plaintiff's release.

In addition, while plaintiff may have had a liberty interest in being released no later than September 12, 2014, he has not alleged facts showing that he was denied due process. Plaintiff does not deny that he could have pursued relief under state law, for example, by filing an Article 78 proceeding or a habeas corpus action. While plaintiff characterizes those as *post*-deprivation (and thus unsatisfactory) remedies, he has not demonstrated why he could not have sought such relief immediately upon being informed that his release date had been pushed back to November 22.

I also find that plaintiff's purported claim under the Fourth Amendment must be dismissed. As indicated, an unwarranted extension of an inmate's release date may, under some circumstances, give rise to a constitutional claim, but this claim is duplicative of plaintiff's claims under the Eighth and Fourteenth Amendments, and fails for the same reasons.

Finally, even if there were some conceivable basis for a constitutional claim here, the allegations of the complaint plainly show that defendants would be entitled to qualified immunity. Even construing the allegations of the complaint in the light most favorable to plaintiff, those allegations do not indicate that defendants' acts violated any "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

**CONCLUSION**

Defendants' motion to dismiss the complaint (Dkt. #10) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 6, 2015.